**IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF RHODE ISLAND**

LOIS PATILLO, RHONDA BEAVER, LARRY CAMPBELL, JAMES CLARK, FLORENCE DIETTERICK, SONDRA DWORKIN, PHILLIP FISHER, RHONDA FORRY, LINDA GARRETT, ANNA HANCHARIK, DAVID HASLAM, ELEANOR HENRY, ROBIN HOLTZMAN, REX HEPNER, MARY HUNTER, LAURA JUICE, ELIZABETH HOSAGE, ROGER JUMPER, SHERWOOD KEPNER, KEVIN KESTER, THOMAS KLEINFELTER, ELIZABETH KRAUSE, ROBERT LEAMAN, THERESA MARTIN, TRACY McGOWAN, WILLIAM MYERS, ELMA MIGUEIS, LESTER PUTERBAUGH, HELEN RICHARDSON, JAIME RIVERA, JOSEPH ROHM, RONALD SCOTT, JESSICA STOVALL, BERNADINE TEMPLETON, and ARLENE WOODSON

Plaintiffs,

v.

C.R. BARD, INC., a New Jersey corporation; DAVOL INC., a Rhode Island corporation,

Defendant.

CA 08 009 ML

Civil Action No.: ____________

**NOTICE OF REMOVAL**

Defendants C.R. Bard, Inc. and Davol Inc. ("Defendants"), by their undersigned counsel, hereby removes the above-captioned matter from the Superior Court of Rhode Island, Providence/Bristol County, Rhode Island, to the United States District Court for the District of Rhode Island, pursuant to 28 U.S.C. §§ 1332, 1441, and 1446. In support of removal, Defendants respectfully state:

1. Plaintiff filed this action in the Superior Court of Rhode Island, Providence/Bristol County, Rhode Island, on December 21, 2007. Neither Bard nor Davol have been served with a copy of the Complaint or any state process.

2. As more fully set forth below, this case is properly removed to this Court pursuant to 28 U.S.C. § 1441 because Defendants have satisfied the procedural requirements for removal, and this Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1441(a).

## I. Defendants Have Satisfied the Procedural Requirements for Removal

3. Removal is timely. Defendants have not been served with a copy of the Complaint. *See* Att. A (copy of all process, pleadings, and orders). Removal is thus timely since it is prior to 30 days from the date of service.

4. Venue is proper. The Superior Court of Rhode Island, Providence/Bristol County, Rhode Island is located within the District of Rhode Island, and, therefore, venue is proper in this Court pursuant to 28 U.S.C. § 120 because it is "the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a).

5. No further proceedings have been had in the state court action.

6. No previous application has been made for the relief requested herein.

7. A copy of the written notice required by 28 U.S.C. § 1446(d) is attached as Att. B and is being filed in the Superior Court of Rhode Island, Providence County, Rhode Island and served on Plaintiff.

## II. Removal is Proper in This Case

8. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332 because this is a civil action between citizens of different states and the amount in controversy exceeds the sum of $75,000 exclusive of costs and interest.

**A. Complete diversity exists between Plaintiff and Defendants.**

9. The Complaint states that Plaintiff Patillo is a resident of the State of Ohio. *See* Compl. ¶ 1(a).

10. The Complaint states that Plaintiff Beaver is a resident of the State of Pennsylvania. *See* Compl. ¶ 1(b).

11. The Complaint states that Plaintiff Campbell is a resident of the State of Pennsylvania. *See* Compl. ¶ 1(c).

12. The Complaint states that Plaintiff Clark is a resident of the State of Pennsylvania. *See* Compl. ¶ 1(d).

13. The Complaint states that Plaintiff Dietterick is a resident of the State of Pennsylvania. *See* Compl. ¶ 1(e).

14. The Complaint states that Plaintiff Dworkin is a resident of the State of New York. *See* Compl. ¶ 1(f).

15. The Complaint states that Plaintiff Fisher is a resident of the State of Pennsylvania. *See* Compl. ¶ 1(g).

16. The Complaint states that Plaintiff Forry is a resident of the State of Pennsylvania. *See* Compl. ¶ 1(h).

17. The Complaint states that Plaintiff Garrett is a resident of the State of Pennsylvania. *See* Compl. ¶ 1(i).

18. The Complaint states that Plaintiff Hancharik is a resident of the State of Pennsylvania. *See* Compl. ¶ 1(j).

19. The Complaint states that Plaintiff Haslam is a resident of the State of Pennsylvania. *See* Compl. ¶ 1(k).

20. The Complaint states that Plaintiff Henry is a resident of the State of Pennsylvania. *See* Compl. ¶ 1(l).

21. The Complaint states that Plaintiff Hepner is a resident of the State of Pennsylvania. *See* Compl. ¶ 1(m).

22. The Complaint states that Plaintiff Holtzman is a resident of the State of Pennsylvania. *See* Compl. ¶ 1(n).

23. The Complaint states that Plaintiff Hosage is a resident of the State of Pennsylvania. *See* Compl. ¶ 1(o).

24. The Complaint states that Plaintiff Hunter is a resident of the State of Pennsylvania. *See* Compl. ¶ 1(p).

25. The Complaint states that Plaintiff Juice is a resident of the State of Pennsylvania. *See* Compl. ¶ 1(q).

26. The Complaint states that Plaintiff Jumper is a resident of the State of Pennsylvania. *See* Compl. ¶ 1(r).

27. The Complaint states that Plaintiff Kepner is a resident of the State of Pennsylvania. *See* Compl. ¶ 1(s).

28. The Complaint states that Plaintiff Kestner is a resident of the State of Pennsylvania. *See* Compl. ¶ 1(t).

29. The Complaint states that Plaintiff Kleinfelter is a resident of the State of Pennsylvania. *See* Compl. ¶ 1(u).

30. The Complaint states that Plaintiff Krause is a resident of the State of Pennsylvania. *See* Compl. ¶ 1(v).

31. The Complaint states that Plaintiff Leaman is a resident of the State of Pennsylvania. *See* Compl. ¶ 1(w).

32. The Complaint states that Plaintiff Martin is a resident of the State of Arkansas. *See* Compl. ¶ 1(x).

33. The Complaint states that Plaintiff McGowan is a resident of the State of Pennsylvania. *See* Compl. ¶ 1(y).

34. The Complaint states that Plaintiff Meyers is a resident of the State of Pennsylvania. *See* Compl. ¶ 1(z).

35. The Complaint states that Plaintiff Migueis is a resident of the State of Pennsylvania. *See* Compl. ¶ 1(aa).

36. The Complaint states that Plaintiff Puterbaugh is a resident of the State of Pennsylvania. *See* Compl. ¶ 1(bb).

37. The Complaint states that Plaintiff Richardson is a resident of the State of Pennsylvania. *See* Compl. ¶ 1(cc).

38. The Complaint states that Plaintiff Rivera is a resident of the State of Pennsylvania. *See* Compl. ¶ 1(dd).

39. The Complaint states that Plaintiff Rohm is a resident of the State of Pennsylvania. *See* Compl. ¶ 1(ee).

40. The Complaint states that Plaintiff Scott is a resident of the State of Pennsylvania. *See* Compl. ¶ 1(ff).

41. The Complaint states that Plaintiff Stovall is a resident of the State of Alabama. *See* Compl. ¶ 1(gg).

42. The Complaint states that Plaintiff Templeton is a resident of the State of Pennsylvania. *See* Compl. ¶ 1(hh).

43. The Complaint states that Plaintiff Woodson is a resident of the State of Colorado. *See* Compl. ¶ 1(ii).

44. Davol is, and has been at all relevant times, a corporation incorporated under the law of the State of Rhode Island with its principal place of business in Rhode Island as well. For purposes of determining jurisdiction pursuant to 28 U.S.C § 1332(c)(1), therefore, Davol is not a citizen of the State of Missouri.

45. Bard is, and has been at all relevant times, a corporation incorporated under the law of the State of New Jersey with its principal place of business in New Jersey as well. For purposes of determining jurisdiction pursuant to 28 U.S.C § 1332(c)(1), therefore, Bard is not a citizen of the State of Missouri.

**B. The amount in controversy requirement is satisfied.**

46. Plaintiffs allege that they suffered injuries as a result of treatment with Davol's prescription medical device the Composix ® Kugel Patch. The Complaint seeks compensatory and punitive damages, together with attorneys' fees and all such other relief as the Court deems necessary. Based on other cases making similar allegations, plaintiffs' Complaint clearly seeks damages in excess of $75,000, exclusive of interest and costs. 28 U.S.C. § 1332(a). In fact, a number of suits alleging similar claims and

seeking similar damages have been filed in other federal courts asserting jurisdiction under § 1332(a). Pursuant to 28 U.S.C. § 1407, these cases have been or will be consolidated in a multidistrict litigation captioned *In Re: Kugel Hernia Mesh Patch Products Liability Litigation*, No. MDL 1842, now pending in the United States District Court for the District of Rhode Island.

WHEREFORE, Defendants respectfully remove this action from the Superior Court of Rhode Island, Providence/Bristol County, Rhode Island to this Court pursuant to 28 U.S.C. § 1441.

Date: January 8, 2008

Respectfully submitted,

BY: ______________________________

Mark T. Nugent, #2637
Thomas M. Robinson, #6193
Morrison Mahoney LLP
10 Weybosset Street, Suite 900
Providence, RI 02903
Tel. (401) 331-4660
Fax: (401) 351-4420

Kirby T. Griffis
Dana Alan Gausepohl
Spriggs & Hollingsworth
1350 I Street N.W.
Washington, DC 20005
(202) 898-5800
(202) 682-1639 (fax)

Attorneys for defendants
C.R. BARD, INC. and DAVOL INC.

**CERTIFICATE OF SERVICE**

I hereby certify that on January 8, 2008, a copy of the foregoing Notice of Removal was electronically filed with the Court. This document is available for viewing and downloading from the Court's ECF system. Service of same has been made upon the following in the manner listed below:

Jeffrey Padwa
PADWA LAW
303 Jefferson Blvd.
Warwick, RI 02888

*via first-class, postage prepaid, mail*