**IN THE SUPERIOR COURT OF RHODE ISLAND**

LOIS PATILLO, RHONDA BEAVER, LARRY CAMPBELL, JAMES CLARK, FLORENCE DIETTERICK, SONDRA DWORKIN, PHILLIP FISHER, RHONDA FORRY, LINDA GARRETT, ANNA HANCHARIK, DAVID HASLAM, ELEANOR HENRY, ROBIN HOLTZMAN, REX HEPNER, MARY HUNTER, LAURA JUICE, ELIZABETH HOSAGE, ROGER JUMPER, SHERWOOD KEPNER, KEVIN KESTER, THOMAS KLEINFELTER, ELIZABETH KRAUSE, ROBERT LEAMAN, THERESA MARTIN, TRACY McGOWAN, WILLIAM MYERS, ELMA MIGUEIS, LESTER PUTERBAUGH, HELEN RICHARDSON, JAIME RIVERA, JOSEPH ROHM, RONALD SCOTT, JESSICA STOVALL, BERNADINE TEMPLETON, and ARLENE WOODSON

Plaintiffs,

v.

C.R. BARD, INC., a New Jersey corporation; DAVOL INC., a Rhode Island corporation,

Defendants.

CA 08 009 ML

Civil Action No.: ____________

**ANSWER AND AFFIRMATIVE DEFENSES OF DEFENDANTS**
**DAVOL INC. AND C.R. BARD, INC.**

Defendants Davol Inc. and C.R. Bard, Inc., ("Defendants") by and through counsel, answer the Plaintiffs' Complaint (the "Complaint") as follows:

**PARTIES**

1. Paragraph 1 and its subparts (a) through (ii) of the Complaint contain allegations regarding parties other than Defendants to which no response is required. To the extent that a response is required, Defendants lack sufficient knowledge or

information to form a belief as to the truth of the allegations in Paragraph 1 of the Complaint and therefore deny the same.

2. The allegation in Paragraph 2 is a conclusion of law, and no answer is required. To the extent an answer is required, Defendants deny the allegations.

3. Davol Inc. ("Davol") admits that it is organized under the laws of the State of Delaware with its principal place of business at 100 Sockanosset Crossroad, Cranston, Rhode Island and that its resident agent in Rhode Island is CT Corporation System located at 10 Weybosset Street, Providence, Rhode Island. Davol further admits at certain times that limited manufacturing of the Composix® Kugel® Patch has occurred in Rhode Island.

4. C.R. Bard, Inc. ("Bard") admits that it is organized under the laws of the State of New Jersey and that Davol is its subsidiary. Bard further admits that it does business in the State of Rhode Island. Bard denies the remaining allegations.

## JURISDICTION

5. Davol admits that its principal place of business is in the State of Rhode Island, and that at certain times limited manufacturing of the Composix® Kugel® Hernia Patch took place in the State of Rhode Island. As to the remaining allegations in Paragraph 5 of the Complaint, Defendants state they are conclusions of law and no answer is required, but to the extent an answer is required, Defendants deny the same.

## FACTS

6. The allegations in Paragraph 6 are not directed to Bard, and therefore no response is required. Davol admits that it designed, distributed, and conducted limited manufacturing of the Composix® Kugel® Hernia Patch for use by prescribing physicians

in accordance with its accompanying labeling information. As to the remaining allegations contained in Paragraph 6 of the Complaint, Davol lacks sufficient knowledge or information to form a belief as to the truth of the allegations and therefore denies the same.

7. The allegations in Paragraph 7 are not directed to Bard, and therefore no response is required. Davol admits that at certain times it conducted limited manufacturing of the Composix® Kugel® Hernia Patch for use by prescribing physicians in accordance with its accompanying labeling information. Davol does not know what is meant by "delivery" beyond the meaning of "distributed" which has been admitted therefore it denies the allegation. As to the remaining allegations contained in Paragraph 7 of the complaint, Davol lacks sufficient knowledge or information to form a belief as to the truth of the allegations and therefore denies them.

8. Defendants admit that Davol submitted a 510k Application on October 23, 2000. On January 22, 2001, the federal Food and Drug Administration approved Davol's Composix® Kugel® Hernia Patch for use by prescribing physicians in accordance with its accompanying labeling information.

9. To the extent the allegations in Paragraph 6 are directed to Bard, bard denies them. Davol admits that it designed, distributed, sold and conducted limited manufacturing of the Composix® Kugel® Hernia Patch for use by prescribing physicians in accordance with its accompanying labeling information. As to the remaining allegations contained in Paragraph 9 of the Complaint, Davol lacks sufficient knowledge or information to form a belief as to the truth of the allegations and therefore denies the same.

10. Defendants admit that the federal Food and Drug Administration characterizes a "Class I" recall as "there is a reasonable chance that the product will cause serious health problems or death."

11. Defendants admit that a limited voluntary recall of certain larger-sized Composix® Kugel® Hernia Patches took place in late 2005, early 2006, and early 2007. Defendants further state these products have since been returned to the market with FDA approval.

12. Defendants admit that a limited voluntary recall of certain larger-sized Composix® Kugel® Hernia Patches took place due to a potential for PET recoil ring breaking. Davol further admits that it has received reports of ring migration, intestinal fistulae, bowel perforation, and death.

13. Defendants admit that a limited voluntary recall of certain larger-sized Composix® Kugel® Hernia Patches took place in late 2005, early 2006, and early 2007. Defendants further state these products have since been returned to the market with FDA approval.

14. Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 14 of the Complaint and therefore deny the same.

15. Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 15 of the Complaint and therefore deny the same.

16. Defendants deny the allegations contained in Paragraph 16 of the Complaint.

17. Defendants deny the allegations contained in Paragraph 17 of the Complaint.

18. Defendants deny the allegations contained in Paragraph 18 of the Complaint.

19. Defendants deny the allegations contained in Paragraph 19 of the Complaint.

**COUNT I**
**Negligence**

20. In response to Paragraph 20 of the Complaint, Defendants incorporate by reference their responses in all preceding paragraphs.

21. The allegations in Paragraph 21 are conclusions of law, and no answer is required. To the extent an answer is required, Defendants deny the allegations.

22. The allegations in Paragraph 22 are conclusions of law, and no answer is required. To the extent an answer is required, Defendants deny the allegations.

23. The allegations in Paragraph 23 are conclusions of law, and no answer is required. To the extent an answer is required, Defendants deny the allegations.

24. The allegations in Paragraph 24 are conclusions of law, and no answer is required. To the extent an answer is required, Defendants deny the allegations.

25. The allegations in Paragraph 25 are conclusions of law, and no answer is required. To the extent an answer is required, Defendants deny the allegations.

26. The allegations in Paragraph 26 are conclusions of law, and no answer is required. To the extent an answer is required, Defendants deny the allegations.

27. The allegations in Paragraph 27 are conclusions of law, and no answer is required. To the extent an answer is required, Defendants deny the allegations.

28. The allegations in Paragraph 28 are conclusions of law, and no answer is required. To the extent an answer is required, Defendants deny the allegations.

29. The allegations in Paragraph 29 are conclusions of law, and no answer is required. To the extent an answer is required, Defendants deny the allegations.

30. The allegations in Paragraph 30 are conclusions of law, and no answer is required. To the extent an answer is required, Defendants deny the allegations.

## COUNT II
## Violation of the R.I. Deceptive Trade Practices Act

31. In response to Paragraph 31 of the Complaint, Defendants incorporate by reference their responses in all preceding paragraphs.

32. The allegations in Paragraph 32 are conclusions of law, and no answer is required. To the extent an answer is required, Defendants deny the allegations.

33. The allegations in Paragraph 33 are conclusions of law, and no answer is required. To the extent an answer is required, Defendants deny the allegations.

34. The allegations in Paragraph 34 are conclusions of law, and no answer is required. To the extent an answer is required, Defendants deny the allegations.

35. The allegations in Paragraph 35 are conclusions of law, and no answer is required. To the extent an answer is required, Defendants deny the allegations.

36. The allegations in Paragraph 36 are conclusions of law, and no answer is required. To the extent an answer is required, Defendants deny the allegations.

37. Defendants deny the allegations. Defendants state that at all relevant times they timely informed the FDA of all reportable medical device reports of which they were aware.

38. Defendants deny the allegations. Defendants state that at all relevant times they timely informed the FDA of all reportable medical device reports of which

they were aware. Defendants' ability to "inform the public at large" is controlled by FDA regulations, which were complied with.

39. The allegations in Paragraph 39 are conclusions of law, and no answer is required. To the extent an answer is required, Defendants deny the allegations.

40. The allegations in Paragraph 40 are conclusions of law, and no answer is required. To the extent an answer is required, Defendants deny the allegations.

41. The allegations in Paragraph 41 are conclusions of law, and no answer is required. To the extent an answer is required, Defendants deny the allegations.

## COUNT III
**Strict Product Liability**

42. In response to Paragraph 42 of the Complaint, Defendants incorporate by reference their responses in all preceding paragraphs.

43. The allegations in Paragraph 43 are conclusions of law, and no answer is required. To the extent an answer is required, Defendants deny the allegations.

44. Davol admits that it designed, conducted limited manufacturing of, distributed, and sold the Composix® Kugel® Hernia Patch for use by prescribing physicians in accordance with its accompanying labeling information. As to the remaining allegations contained in Paragraph 44 of the complaint, Davol does not know what is meant by "assembled" or "conveyed" beyond the meanings of "manufactured" and "distributed" which have been addressed above. Davol accordingly denies the remaining allegations. Bard denies each and every allegation presented in Paragraph 44.

45. The allegations in Paragraph 45 are conclusions of law, and no answer is required. To the extent an answer is required, Defendants deny the allegations.

46. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph, and Defendants therefore deny the allegations.

47. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph, and Defendants therefore deny the allegations.

48. The allegations in Paragraph 48 and its subparts (i) through (x) are conclusions of law, and no answer is required. To the extent an answer is required, Defendants deny the allegations.

49. The allegations in Paragraph 49 are conclusions of law, and no answer is required. To the extent an answer is required, Defendants deny the allegations.

## COUNT IV
## Negligent Infliction of Emotional Distress

50. In response to Paragraph 50 of the Complaint, Defendants incorporate by reference their responses in all preceding paragraphs.

51. The allegations in Paragraph 51 are conclusions of law, and no answer is required. To the extent an answer is required, Defendants deny the allegations.

52. The allegations in Paragraph 52 are conclusions of law, and no answer is required. To the extent an answer is required, Defendants deny the allegations.

53. The allegations in Paragraph 53 are conclusions of law, and no answer is required. To the extent an answer is required, Defendants deny the allegations.

54. The allegations in Paragraph 54 are conclusions of law, and no answer is required. To the extent an answer is required, Defendants deny the allegations.

55. The allegations in Paragraph 55 are conclusions of law, and no answer is required. To the extent an answer is required, Defendants deny the allegations.

**COUNT V**
**Intentional Infliction of Emotional Distress**

56. In response to Paragraph 56 of the Complaint, Defendants incorporate by reference their responses in all preceding paragraphs.

57. The allegations in Paragraph 57 are conclusions of law, and no answer is required. To the extent an answer is required, Defendants deny the allegations.

58. The allegations in Paragraph 58 are conclusions of law, and no answer is required. To the extent an answer is required, Defendants deny the allegations.

59. The allegations in Paragraph 59 are conclusions of law, and no answer is required. To the extent an answer is required, Defendants deny the allegations.

60. The allegations in Paragraph 60 are conclusions of law, and no answer is required. To the extent an answer is required, Defendants deny the allegations.

61. The allegations in Paragraph 61 are conclusions of law, and no answer is required. To the extent an answer is required, Defendants deny the allegations.

**COUNT VI**
**Breach of Implied Warranty**

62. In response to Paragraph 62 of the Complaint, Defendants incorporate by reference their responses in all preceding paragraphs.

63. The allegations in Paragraph 63 are conclusions of law, and no answer is required. To the extent an answer is required, Defendants deny the allegations.

64. The allegations in Paragraph 64 are conclusions of law, and no answer is required. To the extent an answer is required, Defendants deny the allegations.

65. The allegations in Paragraph 65 are conclusions of law, and no answer is required. To the extent an answer is required, Defendants deny the allegations.

66. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph, and Defendants therefore deny those allegations.

67. The allegations in Paragraph 67 are conclusions of law, and no answer is required. To the extent an answer is required, Defendants deny the allegations.

68. The allegations in Paragraph 68 are conclusions of law, and no answer is required. To the extent an answer is required, Defendants deny the allegations.

## COUNT VI
## Failure to Warn

69. In response to Paragraph 69 of the Complaint, Defendants incorporate by reference their responses in all preceding paragraphs.

70. Davol admits that it designed, conducted limited manufacturing of, and sold the Composix® Kugel® Hernia Patch for use by prescribing physicians in accordance with its accompanying labeling information. As to the remaining allegations contained in Paragraph 70 of the complaint, Davol lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph, and Davol therefore denies the allegations. Bard denies each and every allegation presented in Paragraph 70.

71. The allegations in Paragraph 71 are conclusions of law, and no answer is required. To the extent an answer is required, Defendants deny the allegations.

72. The allegations in Paragraph 72 are conclusions of law, and no answer is required. To the extent an answer is required, Defendants deny the allegations.

73. The allegations in Paragraph 73 are conclusions of law, and no answer is required. To the extent an answer is required, Defendants deny the allegations.

74. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph, and Defendants therefore deny those allegations.

75. The allegations in Paragraph 75 are conclusions of law, and no answer is required. To the extent an answer is required, Defendants deny the allegations.

76. The allegations in Paragraph 76 are conclusions of law, and no answer is required. To the extent an answer is required, Defendants deny the allegations.

## COUNT VIII

77. In response to Paragraph 77 of the Complaint, Defendants incorporate by reference their responses in all preceding paragraphs.

78. The allegations in Paragraph 78 are conclusions of law, and no answer is required. To the extent an answer is required, Defendants deny the allegations.

79. The allegations in Paragraph 79 are conclusions of law, and no answer is required. To the extent an answer is required, Defendants deny the allegations.

## SEPARATE DEFENSES

1. The Complaint, in whole or part, fails to state a claim or cause of action against Defendants upon which relief can be granted.

2. The doctrines contained in Restatement (Second) of Torts § 402A, Comment k, bar Plaintiff's claims against Defendants in whole or in part.

3. The doctrines contained in Restatement (Third) of Torts, Product Liability §§ 4 and 6, bar Plaintiff's claims against Defendants in whole or in part.

4. The doctrine of spoliation and the failure to properly preserve evidence necessary to the determination of the alleged claims bar Plaintiff's claims against Defendants in whole or in part.

5. The doctrine of *forum non conveniens* and/or improper venue applies to this case.

6. Applicable statutes of limitations, statute of repose, and the doctrine of laches bar Plaintiff's claims in whole or in part.

7. Plaintiff's, or her agents', including her physicians', misuse or abnormal use of the product or failure to follow instructions bar Plaintiff's claims in whole or in part.

8. If Plaintiff used a product sold by Defendants, then Plaintiff's claims are barred, in whole or in part, because Plaintiff assumed the risks disclosed by the product labeling, by the prescribing physicians, or by other persons or entities.

9. Any alleged negligent or culpable conduct of Defendants, none being admitted, was so insubstantial as to be insufficient to be a proximate or substantial contributing cause of Plaintiff's alleged injuries.

10. If Plaintiff sustained any damages or injuries, which is denied, then such damages and injuries were caused or contributed to by the acts, omissions or fault of Plaintiff, including contributory negligence, contributory fault, comparative fault, assumption of the risk, or failure to mitigate damages.

11. If Plaintiff used a product sold by Defendants, Plaintiff used the product for off-label purposes, which bars the Plaintiff's claims.

12. The learned intermediary doctrine bars Plaintiff's claims.

13. Plaintiff's claims are barred, in whole or in part, because the products at issue were designed, manufactured, marketed and labeled with proper warnings, information, cautions and instructions, in accordance with the state of the art and the state of scientific and technological knowledge.

14. Plaintiff's claims are barred, in whole or in part, because the products at issue were not defective or unreasonably dangerous in that they complied with, at all relevant times, all applicable government safety standards.

15. Plaintiff's claims are preempted, in whole or in part, by applicable federal law.

16. Plaintiff's claims are barred, in whole or in part, because Plaintiff's injuries, if any, were the result of conduct of Plaintiff, independent third parties, and/or events that were extraordinary under the circumstances, not foreseeable in the normal course of events, and/or independent, intervening and superseding causes of the alleged injuries, including but not limited to Plaintiff's pre-existing medical conditions.

17. If Plaintiff suffered injuries or damages as alleged, which is denied, such injuries or damages resulted from acts or omissions of persons or entities for which Defendants are neither liable nor responsible or resulted from diseases and/or causes that are not related or connected with any product sold, distributed, or manufactured by Defendants. Such acts or omissions on the part of other persons or entities, such diseases and/or such causes constitute an independent, intervening and sole proximate cause of Plaintiff's alleged injury or damages.

18. Defendants state that if Plaintiff sustained any damages or injuries, which is specifically denied, such damages or injuries were caused by the acts, omissions or

fault of Plaintiff or others, for whose conduct these Defendants are not responsible; accordingly, they are entitled to an assessment of the relative degree of fault for all such persons and entities.

19. Plaintiff's claims are barred, in whole or in part, because Plaintiff's alleged injuries, if caused by the Composix® Kugel® Hernia Patch, which is denied, were the result of Plaintiff's own idiosyncratic reactions.

20. Plaintiff failed to mitigate damages, which limits Plaintiff's recovery, if any, in whole or in part.

21. Defendants have no legal relationship or privity with Plaintiff and owe no duty to Plaintiff by which liability could be attributed to it.

22. Defendants made no warranties of any kind, express or implied, or any representations of any nature whatsoever to Plaintiff. If any such warranties were made, whether express or implied, which Defendants specifically deny, then Plaintiff failed to give notice of any breach thereof. Moreover, Defendants effectively and fully disclaimed any warranty, express or implied, in the sale of any product for which they are responsible in this matter.

23. Plaintiff's claims are barred in whole or in part by Plaintiff's own comparative negligence.

24. Plaintiff's recovery, if any, shall be reduced by those payments that Plaintiff received from collateral sources.

25. If Plaintiff has been injured or damaged, no injury or damages being admitted, such injuries were not caused by Defendants' product.

26. At the time the product at issue, the Composix® Kugel® Hernia Patch, left the custody and control of Defendants, there was no defect in said product that either caused or contributed to any injuries or damages that Plaintiff may have suffered, if any.

27. The applicable state and federal law, including *State Farm Mutual Auto. Ins. Co. v. Campbell,* 538 U.S. 408 (2003), bars Plaintiff's alleged claims for punitive or exemplary damages. Permitting recovery of punitive or exemplary damages in this case would violate Defendants' rights as reserved by the Fifth, Seventh, Eighth, and Fourteenth Amendments to the United States Constitution, and related provisions of the United States Constitution, as well as the due process guarantees embodied in laws of plaintiffs' states of residence.

28. To the extent that the applicable law permits the jury and Courts to measure punitive or exemplary damages by the net worth or financial status of Defendants and imposes greater punishment on defendants with greater net worth, such an award would be unconstitutional because it permits arbitrary punishment, allows bias and prejudice to infect the verdict, and allows dissimilar treatment of similarly situated defendants, all in violation of the due process and equal protection provisions of the Fourteenth Amendment to the United States Constitution, the Commerce Clause of the United States Constitution, and the similar provisions of plaintiffs' respective state constitutions.

29. To the extent Plaintiff's Complaint seeks punitive damages, such claims are barred because Plaintiff has failed to allege conduct warranting the imposition of punitive damages under applicable laws.

30. To the extent Plaintiff's Complaint seeks punitive damages, applicable federal law preempts any such claim, in whole or in part.

31. Plaintiff's claims are, in whole or in part, subject to adjudication under the laws of states or jurisdictions other than Rhode Island.

32. Defendants hereby give notice that they intend to rely upon such other defenses as may become available or apparent during the course of discovery and thus reserve their right to amend this Answer to assert such defenses.

WHEREFORE, Defendants Davol Inc. and C.R. Bard, Inc. demand judgment in their favor and against Plaintiff, dismissing Plaintiffs' Complaint with prejudice, together with the costs of suit and such other relief as the Court deems equitable and just.

**JURY TRIAL DEMAND**

PLEASE TAKE NOTICE that answering Defendants hereby demand a trial by jury as to all issues.

Date: January 8, 2008

Respectfully submitted,

Mark T. Nugent, #2637
Thomas M. Robinson, #6193
Morison Mahoney, LLP
10 Weybosset Street, Suite 900
Providence, RI 02903
Tel.: (401) 331-4660
Fax: (401) 351-4420
Kirby T. Griffis, *pro hac vice*
Dana Alan Gausepohl, *pro hac vice*
Michael L. Junk, *pro hac vice*
Spriggs & Hollingsworth
1350 I Street, NW, 9th Floor
Washington, DC 20005
Phone: (202) 898-5800
Fax: (202) 862-1639
Attorneys for Defendants
DAVOL INC. and C.R. BARD, INC.

**CERTIFICATE OF SERVICE**

I hereby certify that on January 8, 2008, a copy of the foregoing Answer and Affirmative Defenses has been made upon the following in the manner listed below:

Jeffrey Padwa
PADWA LAW
303 Jefferson Blvd.
Warwick, RI 02888

*via first-class, postage prepaid, mail*