**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| **LOIS PATILLO, RHONDA BEAVER, LARRY CAMPBELL, JAMES CLARK, FLORENCE DIETTERICK, SONDRA DWORKIN, PHILLIP FISHER, RHODA FORRY, LINDA GARRETT, ANNA HANCHARIK, DAVID HASLAM, ELEANOR HENRY, REX HEPNER, ROBIN HOLTZMAN, ELIZABETH HOSAGE, MARY HUNTER, LAURA JUICE, ROGER JUMPER, SHERWOOD KEPNER, KEVIN KESTNER, THOMAS KLEINFELTER, ELIZABETH KRAUSE, ROBERT LEAMAN, THERESA MARTIN, TRACY MCGOWAN, WILLIAM MEYERS, ELMA MIGUEIS, LESTER PUTERBAUGH, HELEN RICHARDSON, JAIME RIVERA, JOSEPH ROHM, RONALD SCOTT, LEONARD SPIRITO, JESSICA STOVALL, BERNADINE TEMPLETON, and ARLENE WOODSON** | * | **CIVIL ACTION NUMBER** |
| **Plaintiff's** | * | **08-CV-00009 ML** |
| **v.** | * | |
| **DAVOL, INC. and C.R. BARD, INC.** | * | |
| **Defendants** | * | |

**<u>PLAINTIFFS' MEMORANDUM OF LAW IN SUPPORT OF MOTION TO REMAND</u>**

Now come Plaintiffs and move this Honorable Court to remand this case to the Rhode Island Superior Court and to strike Defendant's Notice of Removal on the grounds that removal of this case is not appropriate.

**I. <u>The Removal Statute Must be Strictly Construed</u>**

The removing party has the burden to demonstrate not only the jurisdictional basis for removal, but also necessary compliance with the statutory removal requirements in order to remove a state action to Federal Court. See <u>Sirois v. Business Express, Inc.,</u> 906 F. Supp. 722, 725 (D.N.H. 1995). The removal statute must be strictly construed and this Court should construe 28 U.S. C. §1446 strictly, resolving any ambiguity against removal because Federal Courts are Courts of limited jurisdiction and removal implicates significant concerns of judicially comity and federalism. See e.g., <u>Shamrock Oil 7 Gas Corp. v. Sheets</u>, 313 U.S. 100, 108-09, 85 L.Ed. 1214, 61 S. Ct 868 (1941); See also <u>U.S. Express Lines Lts. v. Higgins</u>, 281 F3d 383, 396-97 (3d Cir 2002) ("removal statute should be strictly construed against removal and…if there is any doubt as to the propriety of a removal, a case should not be removed to Federal Court."); <u>Rosello-Gonzalez v. Calderon-Serra</u>, 398 F.3d 1, 11 (1st Cir. 2004).

The carefully crafted directives of the removal statute are interpreted strictly in order to balance a Plaintiff's right to select its forum against the need to promote unanimity among defendants. See <u>Getty Oil Corp v. Ins. Co. of North America</u>, 841 F.2d 1254, 1263 (5th Cir 1988). Defendants' removal in this case does not comply with federal removal statutes and this Court should deny Defendants' Motion and grant Plaintiffs' Motion to Remand.

**II. <u>This Court Should Find It has No Original Jurisdiction</u>**

This Court only has federal removal jurisdiction over cases that could originally have been brought under its federal subject matter jurisdiction. See 28 U.S.C. §1441(a). There are two types of case that fall within this Court's subject matter jurisdiction: (1)

cases where a federal question is presented and (2) cases where there is federal diversity jurisdiction. See 28 U.S.C. §1331, 1332. It is undisputed that there is no federal question jurisdiction in this case as there are no federal causes of action alleged in Plaintiffs' Complaint. This case should therefore be remanded unless this Court has federal diversity jurisdiction.

## III. Removal Should be Denied by Application of Forum Defendant Rule

Plaintiffs' Motion for Remand should be granted because pursuant to 28 U.S.C. §1332, removal is barred by application of the Forum Defendant Rule, set out in 28 U.S.C. §1441(b), which provides:

> (b) Any civil action of which the district courts have original jurisdiction founded on a claim or right arising under the Constitution, treaties or laws of the United States shall be removable without regard to the citizenship or residence of the parties. **Any other such action shall be removable only if none of the parties in interest properly joined and served as Defendant is a citizen of the State in which such action is brought.** (emphasis added)

Application of the Forum Defendant Rule should bar removal of this matter because Defendant Davol has its principle place of business in Rhode Island, the same state where Plaintiffs properly filed their Complaint. See Piper Jaffray & Co. v. Severini, 443 F Supp 2d 1016 (206 WD Wis). Accordingly, this action should not be removed to federal court. Further, Defendants should not be allowed to procedurally skirt the removal limitations placed under 28 U.S.C. §1441(b).

WHEREFORE, Plaintiffs' respectfully requests this Honorable Court to REMAND this action back to the State Court and AWARD COSTS and FEES, including attorneys' fees, incurred preparing and litigating this issue.

Respectfully submitted,

/s/ Jeffrey M. Padwa
Jeffrey M. Padwa, Esquire (#5130)
PADWA LAW
303 Jefferson Blvd.
Warwick, RI 02888
(401) 921-4800
(401) 921-4805 Fax
Jeffrey@padwalaw.com

DATED: February 7, 2008

## CERTIFICATE OF SERVICE

I, Jeffrey M. Padwa, hereby certify that on February 7, 2008, I served a true and accurate copy of the within by causing the same to be sent by operation of the Court's ECF System to those individuals designated for electronic service by the ECF System in this case as follows:

Attorneys for defendants
C.R. Bard, Inc. and Davol Inc.,

Mark T. Nugent
Thomas M. Robinson
Morrison Mahoney LLP
10 Weybosset Street, Suite 900
Providence, Rhode Island 02903

Kirby T. Griffis
Dana Alan Gausepohl
Spriggs & Hollingsowrth
1350 I Street N.W.
Washington, DC 20005

/s/ Jeffrey M. Padwa
Jeffrey M. Padwa